# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL A. HAMILTON, | ) | Case No. CV 14-2471-DDP (SP) |
| Petitioner, | ) | |
| v. | ) | **ORDER SUMMARILY DISMISSING ACTION** |
| WARDEN, | ) | |
| Respondent. | ) | |

On April 1, 2014, "petitioner" Michael A. Hamilton – who has not actually yet filed a petition in this Court – submitted a letter to this Court, which was filed and docketed as if it were a petition for writ of habeas corpus. Petitioner is a California state prisoner who asks this Court to review his abstract of judgment and sentencing worksheet to determine whether he is entitled to parole in light of recent cases concerning prison overcrowding and medical/psychiatric care. Petitioner asks the Court to intervene on his behalf and instruct the California Department of Corrections and Rehabilitation to process his case for parole. The relief petitioner requests cannot be granted.

Under the "case or controversy" requirement of Article III, Section 2 of the

1

United States Constitution, federal courts may not issue advisory opinions. *See Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968). Because petitioner has not actually filed a federal habeas petition challenging his conviction or sentence, there is no case or controversy properly before this Court. This Court therefore lacks jurisdiction to grant any relief to petitioner. *See Rivera v. Freeman*, 469 F.2d 1159, 1163 (9th Cir. 1972) (absence of case or controversy "denies a federal court the power to hear a matter otherwise before it").

The Court also notes that petitioner apparently asks this federal Court to intervene in a state matter without petitioner having first sought relief in the California state courts. A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). Thus, if petitioner were to file an actual federal habeas petition without first exhausting his state court remedies, that federal petition would be likewise subject to dismissal.

2

1   IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing this action without prejudice.

DATED: 5/2/2014

_____

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

3